IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STEPHEN L. FLOYD, RANDY D. FLOYD, and FLOYD FARMS PARTNERSHIP,<br><br>*Plaintiffs*,<br><br>v.<br><br>RANDY WALKER, AGLAND INSURANCE SERVICES, and NAU COUNTRY INSURANCE COMPANY,<br><br>*Defendants*. | No. _____ |

## NOTICE OF REMOVAL

Defendants Randy Walker ("Walker"), AgLand Insurance Services ("AgLand") and NAU Country Insurance Company ("NAU") (collectively, "Defendants"), by and through counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and the Local Rules of this Court, hereby file a Notice of Removal of this action from the Circuit Court of Lauderdale County, Tennessee, to the United States District Court for the Western District of Tennessee at Memphis.

### BACKGROUND

Plaintiffs Stephen L. Floyd, Randy D. Floyd and Floyd Farms Partnership filed the above-styled cause of action on July 24, 2012.[1] Plaintiffs allege[2] that they obtained four federally-reinsured crop insurance policies through AgLand and its agent, Walker. (Compl. ¶ 7.) The policies were issued by NAU. (*Id*.) All four policies were attached and incorporated into the Complaint. (*See id*. Exs. 1-4.)

---

[1] A copy of the underlying complaint and its exhibits is attached and incorporated into this Notice as **Exhibit A**.
[2] Defendants have not filed answers to this Complaint and no part of the discussion of the allegations and claims by Plaintiffs should be construed as an admission or concession of the veracity of those allegations and claims.

Plaintiffs contend they complied with all policies requirements and reported their "intended cotton and corn acreage" for 2011. (*Id.* ¶ 9.) While not specifically stating so in the Complaint, Plaintiffs appear to be claiming they were unable to plant their intended cotton and corn crops in 2011 due to extreme weather events and, subsequently, reported prevented planting claims. (*Id.* ¶¶ 9-10.) NAU allegedly denied the claims. (*Id.*)

Plaintiffs assert that they filed for formal arbitration of their claims with the American Arbitration Association and state they are entitled to an arbitration award. (*Id.* ¶¶ 11-12.) The arbitration demand states that Plaintiffs seek a total award in the amount of $75,000. (*Id.* Ex. 6.)

They alternatively claim they should be granted an award of damages "in the amount of indemnity otherwise due and payable under the subject policies. . . ." (*Id.* ¶ 13.) They assert entitlement to that indemnity based on the purported negligence of all Defendants in "fail[ing] to properly procure prevented planting coverage; the Defendants' failure to properly and timely report the Plaintiffs' intended cotton and corn acreage; and the Defendants' failure to properly and timely report the Plaintiffs' cropping and production history." (*Id.* ¶ 16.)

Plaintiffs filed suit in the Circuit Court of Lauderdale County, Tennessee (the "State Court"). (*See* Compl.) They claim entitlement to "damages being no less than $75,000, exclusive of interest and costs; for pre-judgment interest at the statutory rate; for all costs of court; and for such other and further relief as may be just and proper." (*Id.* at 5.)

Walker and AgLand were served via Walker, who was served individually and also as agent for AgLand, on August 3, 2012[3], and Defendant NAU Country Insurance Company ("NAU") was served on August 6, 2012,[4] and all Defendants now seek removal of this action to this Court.

---

[3] A copy of the executed summons is attached and incorporated into this Notice as **Exhibit B**. Walker and AgLand wish to note that they are not taking a position on whether this service of process was sufficient and explicitly reserve the right to challenge the sufficiency of process and sufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

## LAW AND ARGUMENT

**I)  Defendants Has Satisfied All Procedural Requirements for Removal**

On July 24, 2012, the Plaintiffs commenced the above-styled civil action in the State Court, styled as *Stephen L. Floyd, et al. v. Randy Walker, et al.*, docketed at Civil Action No. 6585 (the "Civil Action"). This action is currently pending.

Walker and AgLand first received a copy of the Summons and Complaint in the Civil Action, by service or otherwise, via their registered agent, Walker, on August 3, 2012. (Ex. B.) NAU was served on August 6, 2012. (Ex. C.) These items constitute all process, pleadings, and orders served on Defendants to date.

No previous application has been made for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(d), Defendants will provide concomitant written notice to the Plaintiff and will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Lauderdale County, Tennessee.[5]

**II)  Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446**

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as this is a civil action where the amount in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states.

A)  <u>Complete Diversity of Citizenship Exists Between the Plaintiffs and Defendants</u>

The parties are completely diverse. Plaintiffs Stephen L. Floyd and Randy D. Floyd allege they are Tennessee residents. (Compl. ¶¶ 1-2.) Plaintiff Floyd Farms Partnership is a partnership between Stephen L. Floyd and Randy D. Floyd. (*Id*. ¶ 3.) Accordingly, Plaintiff Floyd Farms Partnership maintains Tennessee citizenship as an unincorporated partnership draws its

---

[4] A copy of the executed summons is attached and incorporated into this Notice as **Exhibit C.**
[5] A copy of the Notice to the State Court is attached and incorporated into this Notice as **Exhibit D**.

citizenship from its members. *See Certain Interested Underwriters at Lloyd's, London v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).

No Defendants are Tennessee residents or entities. Walker is alleged to be Mississippi resident in Marshall County, Mississippi. (*Id.* ¶ 4.) He is, in fact, a resident of Benton County, Mississippi. AgLand is also alleged to be Mississippi limited liability company with its principal place of business in Marshall County (*id.* ¶ 5); it is, in fact, an unincorporated entity with this principal place of business in Benton County, Mississippi. NAU is alleged to be a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (applying the "nerve center" test to determine an organization's principal place of business).

B) <u>Removal of this Action is Timely</u>

Defendants received a copy of the Summons and Complaint of the Civil Action to be removed on August 3 and 6, 2012. (Exs. B & C.) This Notice of Removal is timely as it is being filed within thirty days of service. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.") Likewise, it remains timely per the means for computing time extensions set forth in Fed. R. Civ. P. 6(a)(2)(C). Further, Defendants have done nothing in the Civil Action in the State Court that would in any way affect this Court's removal and subject matter jurisdiction over this matter.

C) <u>Venue is Proper</u>

Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the United States District Court for the district and division where the Civil Action is pending.

D) <u>The Amount in Controversy Requirement is Satisfied</u>

Hartford avers that, upon information and belief, the amount in controversy exceeds $75,000, exclusive of costs and interest, per 28 U.S.C. § 1332(a). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Charvat v. GVN Mich., Inc.,* 561 F.3d 623, 628 (6th Cir. 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (internal quotation marks omitted).

The amount sought clearly exceeds the jurisdictional minimum. Plaintiffs assert entitlement to damages "no less than $75,000". (Compl. at 5.) Further, Plaintiffs attached the subject policies of insurance and their arbitration demand which seeks an award of $75,000. (*Id*. Exs. 1-4, 6.) Plaintiff also seeks statutory pre-judgment interest as an additional damage above and beyond the "no less than $75,000" of compensatory damages. (Compl. at 5.) Tennessee's pre-judgment interest is codified at Tenn. Code Ann. § 47-14-123 and allows as follows:

> Pre-judgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws as of April 1, 1979 may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of the maximum effective rate of ten percent (10%) per annum. . . .

As explained by the Sixth Circuit, in Tennessee, "[p]rejudgment interest serves to compensate the plaintiff for the loss of potential resale income, rents, or personal enjoyment of property suffered as a result of the defendant's tortious conduct prior to judgment." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1214 (6th Cir. 1988) (discussing Tenn. Code Ann. § 47-14-123). In other words, this is additional compensation above and beyond the amount owed to a recovering

plaintiff. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 928 (Tenn. 1998) ("After all, the more clear the fact that the plaintiff is entitled to compensatory damages, the more clear the fact that the plaintiff is *also entitled* to prejudgment interest *as part of the compensatory damages*." (emphasis added)). Given that the statutory rate in Tenn. Code Ann. § 47-14-123 is 10% per annum and Plaintiffs are claiming the damages date back to at least July 28, 2011, then Plaintiffs could received prejudgment interest in excess of $7,500. Plaintiffs further demonstrate that this is a separate damage as the initial demand is "no less than $75,000," indicating Plaintiffs wish to add any prejudgment interest as an additional damage above and beyond the $75,000. This is more than sufficient to elevate the total damages sought over the jurisdictional minimum sufficient to invoke the jurisdiction of this Court.

    E)   <u>Unanimity is Met</u>

Lastly, unanimity is satisfied. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n.3 (6th Cir. 1999). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). All Defendants join in this Notice of Removal as evidenced by signatures below.

**WHEREFORE**, **premises considered,** Defendants request that this Court now remove this Civil Action from the Circuit Court of Launderdale County, Tennessee, and that further proceedings now be conducted in the United States District Court for the Western District of Tennessee as provided for and consistent with the laws of the United States of America.

Respectfully submitted,

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

By: **/s/ Jeffrey E. Nicoson**
Molly Glover, No. 016113
Jeffrey E. Nicoson, No. 027445
Brinkley Plaza, Suite 800
80 Monroe Avenue
Memphis, Tennessee 38103
Phone: (901) 527-0214
Fax: (901) 527-8224
molly.glover@leitnerfirm.com
jeff.nicoson@leitnerfirm.com
*Counsel for Defendants Randy Walker and AgLand Insurance Services*

-and -

HUNT ROSS & ALLEN

By: **/s/ R. Jeff Allen**
R. Jeff Allen, No. 018520
P.O. Box 1196
123 Court Street
Clarksdale, MS 38614
Phone: (662) 627-5252
Fax: (662) 627-5254
E-Mail: rjallen@huntross.com
*Counsel for Defendant NAU Country Insurance Company*

## CERTIFICATE OF SERVICE

    I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all counsel in this cause by via electronic notification or by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same to each such attorney as follows:

Wendell L. Hoskins II, No. 017761
LAW OFFICES OF WENDELL L. HOSKINS II
404 Ward Avenue
Caruthersville, Missouri 63830
Phone: (573) 333-2600
Facsimile: (573) 333-2041
*Counsel for Plaintiffs*

This the 4th day of September, 2012.

                                              /s/ Jeffrey E. Nicoson
                                              Jeffrey E. Nicoson